UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAIME RICARDO BORROTO,

                        Petitioner,

       v.

BRUCE SCOTT, [1]

                        Respondent.

CASE NO. 2:26-cv-00409-LK

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on Petitioner Jaime Ricardo Borroto's petition for habeas corpus under 28 U.S.C. § 2241. Dkt. No. 4. For the reasons stated below, the Court denies the petition.[2]

---

[1] Borroto lists "ICE Field Office Director" as the Respondent to this petition. Dkt. No. 4 at 1. The proper respondent is the warden of the facility at which he is located—i.e., the Northwest ICE Processing Center ("NWIPC"). *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Consistent with its obligation to construe pro se filings leniently, the Court substitutes NWIPC Warden Bruce Scott as the respondent in this matter. *See Buriev v. Warden, GEO, Broward Transitional Ctr.*, No. 25-CV-60459, 2025 WL 2763202, at *2 (S.D. Fla. Sept. 26, 2025); *Hutton v. Entzel*, No. CV 25-97-DLB, 2025 WL 3211546, at *1 n.1 (E.D. Ky. Oct. 22, 2025); *Gregory v. Macauley*, No. 22-13119, 2025 WL 424508, n.1 (E.D. Mich. Feb. 6, 2025). While Bruce Scott has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, *see Padilla*, 542 U.S. at 435 (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary" (citation modified)); and (2) the federal government often represents the warden's interests, as it does in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained."). Indeed, the government's return does not raise this concern. *See* Dkt. No. 7.

[2] The Court declines to hold an evidentiary hearing because the record is sufficient for adjudication of the petition. *See Owino v. Napolitano*, 575 F.3d 952, 954 (9th Cir. 2009) (holding that "the district court must hold an evidentiary hearing" where "the record is insufficient to decide whether [the petitioner's] detention is authorized[.]").

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

## I.   BACKGROUND

Borroto is a citizen and native of Cuba who entered the United States from Mexico on November 21, 2019 to seek asylum. Dkt. No. 9-1 at 2. The U.S. Department of Homeland Security ("DHS") found him "to be inadmissible pursuant to Section 212(a)(7)(A)(i)(I) of the [Immigration and Nationality Act]." *Id.* at 3. Following a negative credible fear determination on February 26, 2020, Dkt. No. 9-3 at 4, Borroto was returned to Mexico, Dkt. No. 8 at 2. On June 30, 2020, he applied for asylum, Dkt. No. 9-3 at 4, and was given an October 7, 2020 immigration court date, Dkt. No. 8 at 3. In the meantime, he re-entered the United States without inspection or parole several times between July 2020 and September 2020. *Id.* The "last documented entry" was September 3, 2020. *Id.*

Borroto was "arrested approximately ten times . . . in the state of Florida" between December 2021 and February 2025. *Id.* DHS took custody of Borroto on May 21, 2025 from a county detention facility in Florida. *Id.* at 4. He has been detained at the Northwest ICE Processing Center ("NWIPC") since June 1, 2025. Dkt. No. 4 at 1; Dkt. No. 8 at 4.

On November 19, 2025, an Immigration Judge reviewed Borroto's claims for relief—for Asylum, Witholding of Removal under INA § 241(b)(3), Withholding of Removal under the Convention Against Torture, and Deferral of Removal under the Convention Against Torture— and denied all relief. Dkt. No. 9-6 at 2–5. Borroto "was ordered removed to Cuba." *Id.* at 4. Both DHS and Borroto waived the right to appeal the decision, *id.* at 5, making the order of removal final, Dkt. No. 7 at 2. As of the date of this Court order, Borroto has been detained for less than four months since his final order of removal issued. *See* Dkt. No. 9-6.

Borroto filed his proposed petition pro se on January 30, 2026. Dkt. No. 1.[3] Respondents

---

[3] "Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants[.]" *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). The Court reviews the petition accordingly.

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

filed a return on February 19, 2026. Dkt. No. 7. Borroto filed a reply the same day. Dkt. No. 10.

## II.   DISCUSSION

Borroto argues that his detention at NWIPC violates due process. Dkt. No. 4. In his petition, he claims entitlement to a bond hearing under 8 U.S.C. § 1226(a) and requests that the Court "grant a bond review" and "release [him] upon conditions that [are] fair and just." *Id.* at 2–3. Respondents aver that "Petitioner's habeas claim is premature as his time in detention since the issuance of his removal order falls within the presumptively reasonable six-month period." Dkt. No. 7 at 2.

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman v. Wolf*, 977 F.3d 935, 942 (9th Cir. 2020) (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. "The Fifth Amendment guarantees due process in deportation proceedings." *Torres-*

*Aguilar v. I.N.S.*, 246 F.3d 1267, 1270 (9th Cir. 2001). "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693; *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) (recognizing that Fifth Amendment due process protections extend to deportation proceedings, but noting that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process").

Section 1231 of the INA governs the detention, release, and removal of noncitizens who have been ordered removed. Detention during the "removal period" is mandatory. 8 U.S.C. § 1231(a)(2). The removal period lasts 90 days and begins to run on the latest of the following: (1) the date the order of removal becomes final; (2) if the removal order is judicially reviewed and if a court orders a stay of the removal of the non-citizen, the date of the court's final order; or (3) if the noncitizen is detained or confined (except under an immigration process), the date the noncitizen is released from detention or confinement. *Id.* § 1231(a)(1)(B). Although there is no statutory limit on the Secretary's discretion to detain noncitizens beyond the 90-day period, the Supreme Court held that the "presumptively reasonable" period for detention following a removal order is six months. *Zadvydas*, 533 U.S. at 701.

Borroto has been detained for fewer than six months since his final removal order, so he is within the "presumptively reasonable" period for detention. *Id.* at 701. While he has been detained since June 1, 2025 at NWIPC, the time he spent in ICE detention prior to his final order of removal—from June 1, 2025 until November 19, 2025, Dkt. No. 9-6—does not count towards the six month presumptively reasonable period. Under *Zadvydas*, the six-month period begins the date the removal order becomes final, at which point the justification for detention shifts to Section 1231. *See Zadvydas*, 533 U.S. at 683, 701; *see, e.g., Zakarneh v. United States Immigr. & Customs Enf't*, 2:25-cv-00707-DGE, 2026 WL 73825, at *4 (W.D. Wash. Jan. 9, 2026) ("To the extent

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

Petitioner challenges his pre-final removal order detention, such a claim is moot" because the basis for his detention changed when the order of removal became final); *Inamzhon v. Warden of Golden State Annex*, No. 1:25-cv-01059-SKO (HC), 2025 WL 3080525, at *2–3 (E.D. Cal. Nov. 3, 2025) (finding claims moot when the basis for detention changed).

Borroto's detention is presumptively reasonable for six months after his final removal date, or until May 19, 2026. Respondents assert that they are working toward removing him to a third country in the near term. Dkt. No. 8 at 4–5. Under these circumstances, Borroto has not provided sufficient evidence or argument to overcome the presumption that his continued detention is reasonable. He is thus not entitled to release under *Zadvydas*. *See Medina v. Bondi*, No. CV-26-00178-PHX-MTL (DMF), 2026 WL 160830, at *1 (D. Ariz. Jan. 21, 2026) (denying relief under *Zadvydas* when "Petitioner's detention is within the presumptively reasonable period"); *see also Sun v. Hermosillo*, No. 2:26-CV-00215-LK, 2026 WL 510666, at *3 (W.D. Wash. Feb. 24, 2026) (same).[4]

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES Borroto's petition without prejudice.

Dated this 13th day of March, 2026.

Lauren King
United States District Judge

---

[4] In a reply filed on February 19, 2026, Borroto requests additional relief: that DHS not "remove [him] to a third country in an unconstitutionally[] punitive manner and provide [him] with a notice and opportunity to respond to any third country removal attempt in a re-opened removal proceeding"—and now argues that his detention is unconstitutionally indefinite. Dkt. No. 10 at 1–3. The Court does not entertain these new arguments; "[i]t is well-settled . . . that a habeas petitioner cannot amend his petition—much less introduce wholly new claims—in his reply brief." *McClellon v. Rickard*, No. 24-CV-10053 (VSB) (BCM), 2025 WL 3286917, at *10 (S.D.N.Y. June 24, 2025); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Calderon v. Noem*, No. 2:25-CV-2136-LK-TLF, 2025 WL 3754042, at *4 (W.D. Wash. Dec. 29, 2025). The proper place for such claims is in a new petition for relief. *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5